**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF SOUTH DAKOTA**
ROOM 211
FEDERAL BUILDING AND U.S. POST OFFICE
225 SOUTH PIERRE STREET
**PIERRE, SOUTH DAKOTA  57501-2463**

**IRVIN N. HOYT**                                                                                                    TELEPHONE (605) 224-0560
**BANKRUPTCY JUDGE**                                                                                               FAX (605) 224-9020

January 31, 2007


Candi Thomson, Esq.
Post Office Box 729
Sturgis, South Dakota  57785

Trustee Dale A. Wein
Post Office Box 1329
Aberdeen, South Dakota  57402-1329

Bruce J. Gering,
Assistant United States Trustee
230 South Phillips Avenue, Suite 502
Sioux Falls, South Dakota  57104-6321

      Subject:  *In re Janet M. Almen*,
                Chapter 13, Bankr. No. 05-50297

Dear counsel and trustees:

    The matter before the Court is the Rule 2016(a) Application for Compensation and Reimbursement filed by Candi Thomson, counsel for Debtor, the objections thereto filed by Trustee Dale A. Wein and the United States Trustee, and Attorney Thomson's response to the United States Trustee's objection.  This is a core proceeding under 28 U.S.C. § 157(b)(2).  This letter decision and accompanying order shall constitute the Court's findings and conclusions under Fed.R.Bankr.P. 7052 and 9014(c).  As set forth below, Attorney Thomson will be awarded as an administrative expense Chapter 13 fees of $1,383.06.

    *Summary*.  Janet M. Almen ("Debtor") filed a Chapter 7 petition in bankruptcy on May 16, 2005. Her bankruptcy attorney, Candi Thomson, disclosed she had received $825.00 for Chapter 7 services through the meeting of creditors and related expenses.

    On August 5, 2005, the United States Trustee filed a motion to dismiss Debtor's case for substantial abuse under 11 U.S.C. § 707(b).  The United States Trustee calculated Debtor had monthly disposable income of $710.50, which would permit her to repay a significant portion of her unsecured debts.

*In re Almen*
January 31, 2007
Page 2

Debtor resisted the motion stating her income is not fixed but rather performance based and any bonuses are uncommon. She also agreed to certain changes in her expenses as propounded by the United States Trustee but continued to argue she could not fund a meaningful Chapter 13 repayment plan.

At the first hearing on the § 707(b) motion, Assistant United States Trustee Bruce J. Gering acknowledged the case was a close call. He stated he had provided some discovery information to Debtor and her counsel. Debtor's counsel acknowledged there was some "room" for a Chapter 13 plan and Debtor voluntarily moved for conversion of her case from Chapter 7 to Chapter 13. The motion was granted and the conversion order was entered September 13, 2005.

Debtor's modified Chapter 13 plan was confirmed February 21, 2006. The confirmed plan provided, *inter alia,* for payment of $2,000.00 to Attorney Thomson as an administrative expense.

Attorney Thomson filed a Rule 2016(a) Application for Compensation and Reimbursement on April 25, 2006. She sought $3,223.75 for compensation of both Chapter 7 and Chapter 13 services, $29.10 for sales tax,[1] and $384.00 for reimbursement of expenses for a total award of $3,636.85. She acknowledged the receipt of $825.00 from Debtor.

The United States Trustee timely filed an objection to the Application. He argued Debtor's counsel should not be compensated from the bankruptcy estate for any Chapter 7 services rendered in defense of the United States Trustee's § 707(b) motion or for converting the case to Chapter 13.

Attorney Thomson filed a reply to the United States Trustee's objection. She acknowledged her pre-petition retainer covered her Chapter 7 services through the meeting of creditors. She argued, however, since the § 707(b) motion was a "close case" and since she had represented her client's best interests, her post-petition, pre-conversion Chapter 7 services should be compensated from the

---

[1] It appears Attorney Thomson calculated this sales tax figure based on the balance of her $825.00 retainer that remained after she deducted her total expenses, the sales tax on machine copies, the Chapter 7 filing fee, and CPA Karen Simmons' fee.

*In re Almen*
January 31, 2007
Page 3


estate.

Chapter 13 Trustee Dale A. Wein filed a response to Attorney Thomson's application. He opined she should be fairly compensated from the Chapter 13 estate for the Chapter 13 services beginning September 8, 2005, forward. He calculated this resulted in 9.9 hours of compensable services.

A telephonic hearing was held May 31, 2006. Upon receipt of oral argument, the matter was taken under advisement.

*Discussion*. As discussed in *In re Jacqueline Otteson*, Bankr. No. 05-30005, slip op. at 2-4 (Bankr. D.S.D. Feb. 1, 2006), 11 U.S.C. § 330(a)(1)[2] no longer permits a Chapter 7 debtor's attorney's fees to be paid from the estate as an administrative expense. Whether the services benefitted Debtor or the bankruptcy estate is no longer an issue regarding the allowance of Chapter 7 fees, just with the Chapter 13 fees. 11 U.S.C. § 330(a)(1) and (a)(4). Further,

> [w]hen a case is converted from Chapter 7 to a Chapter 13,. . . [t]he attorney's unpaid, pre-conversion fees for Chapter 7 services and expenses become a general unsecured claim against the estate. 11 U.S.C. § 348(d). The fees can then be paid under the debtor's Chapter 13 plan with other general unsecured claims. The attorney needs to timely file a proof of claim for these fees (compensation for services, reimbursement for expenses, and applicable sales tax), which, of course, are subject to objection under 11 U.S.C. § 502 and Fed.R.Bankr.P. 3007. In contrast, the attorney's reasonable Chapter 13 services and related expenses can be paid from the estate as an administrative expense. 11 U.S.C. §§ 330(a), 503(b), 507(a)(1), and 1322(a)(2).

*Id*. at 3-4.

In this case, Attorney Thomson's Chapter 13 services began September 9, 2005, and continued through February 16, 2006. These hours of compensable service totaled 9.90 hours. At Attorney

---

[2] Section 330 of Title 11 was amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. The amendments are not applicable to this pre-reform act case.

*In re Almen*
January 31, 2007
Page 4


Thomson's hourly rate of $125.00, Attorney Thomson is thus entitled to a Chapter 13 administrative expense of $1,237.50 and related sales tax of $74.25. Expenses Attorney Thomson incurred during Debtor's Chapter 13 case totaled $69.07 plus sales tax on machine copies of $2.24. Attorney Thomson will be reimbursed for those expenses.

An appropriate order will be entered.

Sincerely,

Irvin N. Hoyt
Bankruptcy Judge

INH: sh

CC: case file (docket original; serve parties in interest)

On the above date, a copy of this document was mailed or faxed to the parties shown on the Notice of Electronic Filing as not having received electronic notice and Debtor(s), if Debtor(s) did not receive electronic notice.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota

NOTICE OF ENTRY
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered on the date shown above.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota